| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

WILLIAM C. TURNER, §
 §
    Petitioner, §
 §
*versus* § CIVIL ACTION NO. 1:04-CV-191
 §
DIRECTOR, TDCJ-CID, §
 §
    Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner William C. Turner, an inmate at the Hughes Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections are without merit. Petitioner has failed to show that the state court determination was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, petitioner has failed to show that the state court adjudication

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has failed to show counsel rendered ineffective assistance. When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Gammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective, a petitioner must demonstrate that counsel's performance was deficient and that counsel's deficient performance so prejudiced the defense that it rendered the proceedings fundamentally unfair or the result unreliable. *Strickland*, 466 U.S. at 687; *Soffar v. Dretke*, 368 F.3d 441, 471 (5th Cir. 2004).

In this case, petitioner has failed to demonstrate that counsel's performance at the revocation hearing was deficient. Further, petitioner has failed to show any prejudice related to counsel's alleged deficient performance. Petitioner has failed to set forth any witnesses that could have been called or what evidence they could have offered. As a result, petitioner's claims should be denied.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893

(1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

### ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of August, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE